UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13255-GAO

LAETITIA ABY,
Plaintiff,

v.

CAMBRIDGE HEALTH ALLIANCE,
Defendant.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court (1) grants the plaintiff's motion for leave to proceed in forma pauperis; and (2) directs the plaintiff to show cause why this action should not be dismissed.

I. Background

On August 6, 2014, Laetitia Aby filed a self-prepared complaint in which she broadly alleges that the defendant, Cambridge Health Alliance ("CHA"), falsified her medical records and has refused to correct them despite the plaintiff's numerous requests. She states that she is suing "for manipulation and alterations of medical records; falsification of diagnosis to suit a certain medical research goal." Compl. at 1. She also states that she is "suing for violations of patient rights, human rights, and consent violations for any relevant research or activities that ensured from the acquisition or review of [her] medical records." Id.

Within the body of the complaint, the plaintiff request that the Court appoint pro bono counsel. She also filed a motion for leave to proceed in forma pauperis.

II. Discussion

   A. Motion for Leave to Proceed In Forma Pauperis

Upon review of the plaintiff's motion, the Court finds that the plaintiff has made a sufficient showing that she is without income or assets to pay the filing fee. Accordingly, the motion for leave to proceed in forma pauperis (#2) is GRANTED.

   B.   **Screening of the Complaint**

Because the plaintiff is proceeding in forma pauperis, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  Further, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are domiciled in different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").  In conducting this review, the Court liberally construes the plaintiff's complaint because she is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Nothing in the complaint suggests that the Court has subject matter jurisdiction over this case.  Aby represents in the civil cover sheet that both she and the Cambridge Health Alliance are citizens of Massachusetts, therefore jurisdiction does not exist under § 1332.  Jurisdiction does not exist under § 1331 because the plaintiff does not identify, nor can the Court discern, a claim for relief under federal law.[1]

**III.   Conclusion**

   Accordingly:

   (1)   The motion for leave to proceed in forma pauperis (#2) is GRANTED.

---

[1] Even if the defendant's alleged actions violated the privacy provisions of the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § § 1320d, et seq, it is well established that HIPAA does not created a private cause of action.  See Dodd v. Jones, 623, F.3d 563, 569 (8th Cir. 2010); Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010); Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); see also Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009) (where plaintiffs conceded that HIPAA does not create a private right of action, district court properly dismissed plaintiffs' claims on this basis).

  (2)  The request  motion for appointment of counsel is DENIED.

  (3)  If the plaintiff wishes to pursue this action, she must, within thirty-five days, show cause why this action should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in dismissal of this action for lack of subject matter jurisdiction.


SO ORDERED.

 1/2/15                /s/ George A. O'Toole, Jr.
DATE                 GEORGE A. O'TOOLE, JR.
                  UNITED STATES DISTRICT JUDGE